IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Jenette Varney,

      Plaintiff,

    v.                       Case No. 2:14-cv-2100

Carolyn W. Colvin,
Acting Commissioner of
Social Security,

      Defendant.

<u>ORDER</u>

Plaintiff Jenette Varney brings this action under 42 U.S.C. §§ 405(g) for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for a period of disability, disability insurance benefits and supplemental security income.  The administrative law judge ("ALJ") held a hearing at which plaintiff, represented by counsel, and a vocational expert testified.  In her decision of May 1, 2013, the ALJ found that plaintiff had a combination of severe impairments consisting of ADHD, combined type, depressive disorder, and borderline intellectual functioning.  PAGEID 77.  The ALJ found that plaintiff had the residual functional capacity ("RFC") to perform a full range of physical work, but that mentally, plaintiff was limited to performing simple, repetitive tasks involving no complicated or detailed verbal instructions, with occasional and superficial interaction with coworkers and occasional interaction with the general public, in an environment that does not require fast-paced production or high production quotas.  PAGEID 80. Based on the testimony of the vocational expert, the ALJ found that plaintiff was capable of performing her past relevant work as a bus

person, dishwasher, and kennel cleaner/animal attendant, and further, that there were other jobs in the economy that she could perform.  PAGEID 85-86.  The ALJ found that plaintiff was not disabled.  PAGEID 86-87.

On January 25, 2016, the magistrate judge issued a report and recommendation, recommending that the decision of the Commissioner be affirmed.  This matter is before the court for consideration of plaintiff's February 29, 2016, objections to the report and recommendation.  The Commissioner has filed a response to the objections.

I. Standard of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).  Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'"  *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive.").  "The findings of the Commissioner are not subject to reversal merely because there exists in the record

substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006)(quotation marks and citation omitted). However, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

<u>II. Plaintiff's Objections</u>

<u>A. Opinion of Dr. Eric Kahn</u>

Plaintiff claimed that the ALJ did not adequately give reasons for the weight assigned to the opinion of her treating psychiatrist, Eric Kahn, M.D., and that this weight assignment is not supported by relevant evidence. Treating-source opinions must be given "controlling weight" if: (1) the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) the opinion "is not inconsistent with the other substantial evidence in [the] case record." *See* 20 C.F.R. §404.1527(c)(2); Soc. Sec. Rul. No. 96-2p, 1996 WL 374188 at *2-3 (Soc. Sec. Admin. July 2, 1996). If the opinion of the treating doctor does not meet these "controlling weight" criteria, this does not mean that the opinion must be rejected; rather, it "may still be entitled to deference and be adopted by the adjudicator." Soc. Sec. Rul. No. 96-2p, 1996 WL 374188 at *1. If the Commissioner does not give a treating-source opinion controlling weight, then the opinion is weighed based on factors such as the length, frequency, nature, and extent of the treatment

3

relationship, the treating source's area of specialty, and the degree to which the opinion is consistent with the record as a whole and is supported by relevant evidence. 20 C.F.R. §404.1527(c)(2)-(6); *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013).

The Commissioner is required to provide "good reasons" for discounting the weight given to a treating-source opinion. §404.1527(c)(2). These reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Soc. Sec. Rul. No. 96-2p, 1996 WL 374188 at *5; *Rogers*, 486 F.3d at 242. However, a formulaic recitation of factors is not required. *See Friend v. Comm'r of Soc. Sec.*, 375 F.App'x 543, 551 (6th Cir. 2010). There is no requirement that the ALJ expressly address each of the §404.1527(c) factors within the written decision. *Tilley v. Comm'r of Soc. Sec.*, 392 F.App'x 216, 222 (6th Cir. 2010). Likewise, an ALJ need not discuss every piece of evidence in the record for his decision to stand, *Karger v. Comm'r of Soc. Sec.*, 414 F.App'x 739, 753 (6th Cir. 2011), and an ALJ's failure to cite specific evidence does not indicate that it was not considered, *Simons v. Barnhart*, 114 F.App'x 727, 733 (6th Cir. 2004).

On July 1, 2011, Dr. Kahn completed a mental status questionnaire listing plaintiff's diagnoses as mood disorder, not otherwise specified, and intermittent explosive disorder. He opined generally that plaintiff's ability to remember, understand and follow directions was moderately impaired and that her abilities to maintain attention, and to sustain concentration,

persist at tasks, and complete them in a timely fashion were considerably impaired. PAGEID 395. On November 28, 2012, Dr. Kahn completed a slightly more specific medical source statement, on which he noted: 1) that plaintiff was not able to consistently remember, understand and follow simple directions, or maintain attention and concentration for two-hour periods of time; 2) that plaintiff would be unable to consistently keep a regular work schedule and maintain punctual attendance due to mental illness, causing periods of depression and impairment of memory; 3) that plaintiff would not be able to consistently and appropriately interact with supervisors, co-workers and the public; 4) that plaintiff would not be able to consistently withstand the typical stresses and pressures of unskilled work; and 5) that plaintiff's mental impairments affect her ability to perform work activities at a reasonable pace. PAGEID 435-36. He provided no explanation for these conclusions.

The ALJ gave these two opinions "little weight" because they were "inconsistent with the claimant's significant activities of daily living, including working and caring for a child" and because they did not "provide specific functional limitations, but rather generalized statements that do not provide residual functional capacity guidance." PAGEID 84. Plaintiff agrees that the July 1, 2011, form may not have provided specific functional limitations, see Doc. 21, p. 3, but she argues that Dr. Kahn's evaluation of November 28, 2012, did so, and that the ALJ did not adequately address this opinion. Although the ALJ did not repeat the statements made on the second evaluation in her decision, she obviously considered this evaluation as well, as she noted that "Dr. Kahn made similar statements in a subsequent opinion" and

5

cited to its exhibit number.  Doc. 20, p. 21; PAGEID 84.  The ALJ properly found that Dr. Kahn's general statements in both opinions did not provide residual functional capacity guidance.  *See Price v. Comm'r of Soc. Sec.*, 342 F. App'x 172, 176 (6th Cir. 2009)(ALJ properly discounted treating physician's opinion where physician failed to provide any explanation for his responses to interrogatories regarding plaintiff's impairments); *Walters v. Comm'r of Soc Sec.*, 127 F.3d 525, 560 (6th Cir. 1997)(treating physician's mere documentation of impairments was not sufficient to support his opinion that claimant could not perform past job).

The court also agrees with the conclusion of the magistrate judge that the ALJ sufficiently addressed the §404.1527(c) factors in her decision.  The ALJ noted Dr. Kahn's specialty of psychiatry and the fact that Dr. Kahn was plaintiff's treating physician.  PAGEID 82.  The ALJ discussed Dr. Kahn's treatment notes in detail, including information in the decision concerning the length, frequency, nature, and extent of the treatment relationship.  PAGEID 82.  The magistrate judge also correctly concluded that the ALJ adequately addressed the issues of whether Dr. Kahn's opinion was consistent with the record as a whole.  For example, the ALJ discussed plaintiff's activities of daily living, which included working four hours a day as a kennel cleaner, caring for her three-year-old daughter, maintaining her own home, cooking, shopping, driving, and managing her own saving's account, and concluded that an individual with plaintiff's alleged impairments would not be capable of performing these activities.  PAGEID 83.

The court concurs with the finding of the magistrate judge that the ALJ gave good reasons for assigning little weight to the

opinions of Dr. Kahn, and that those reasons are supported by the evidence.  An ALJ may accomplish the goals of the "good reasons" requirement by indirectly attacking the supportability of the treating physician's opinion or its consistency with other evidence in the record.  *Coldiron v. Comm'r of Soc. Sec.*, 391 F.App'x 435, 439-41 (6th Cir. 2010); *Nelson v. Comm'r of Soc. Sec.*, 195 F.App'x 462, 470-72 (6th Cir. 2006).  The ALJ addressed at length the issue of plaintiff's credibility, and concluded that plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely credible because of: 1) plaintiff's daily activities (PAGEID 83); the fact that plaintiff graduated from high school and passed one college course (PAGEID 83); 2) plaintiff's failure to pursue medical treatment for ADHD or depression until 2010, at which time her symptoms were described as moderate (PAGEID 81-82); the 2006 opinion of examiner Mark D. Hammerly, Ph.D., who found plaintiff to have a full scale IQ of 75, with an intact memory and only mild concentration problems (PAGEID 81); Dr. Kahn's treatment notes, which revealed that plaintiff's medications are relatively effective in controlling her ADHD and depressive symptoms (PAGEID 82); and the opinions of the state agency reviewing psychologists Melanie Bergsten, Ph.D., and Karla Voyten, Ph.D., who concluded that plaintiff had mild restrictions in activities of daily living, and only moderate difficulties in maintaining social functioning, concentration, persistence or pace (PAGEID 84).

Plaintiff notes that the ALJ did not specifically refer to her hearing testimony that Child Protective Services investigated her right after her child was born, when her daughter became dehydrated, and again when her daughter was one-and-a-half years

old.   As the magistrate judge noted, plaintiff has produced no evidence that the agency took any significant action on either of those occasions, or that the agency is currently involved in monitoring her child.   Doc. 20, pp. 22-23.   The ALJ was not required to refer in her decision to each and every piece of evidence in the record, and her failure to specifically refer to this evidence was not error requiring remand.   Plaintiff also objects to the ALJ's failure to address her employment evaluation form in more detail.   However, as discussed below, the ALJ clearly considered the evaluation and the letter from plaintiff's supervisor, but found them to be of very little weight.

The court finds that the ALJ complied with the regulations for considering the opinions of a treating physician, and that the ALJ's determination of the weight to be assigned to Dr. Kahn's opinions is based on good reasons supported by substantial evidence.

## B. Employer Evaluations

Plaintiff also objects to the magistrate judge's findings that the ALJ adequately considered the November 30, 2012, employment evaluation and letter provided by plaintiff's supervisor at the Knox County Animal Shelter, J.R. St. Clair.   Plaintiff testified that she worked at the shelter eighty-six hours per month in order to receive welfare benefits through Ohio Department of Job and Family Services.

Only "acceptable medical sources" can provide medical opinions.   *See* 20 C.F.R. §§404.1527(a)(2) and 416.927(a)(2).   As St. Clair is not an "acceptable medical source," this employer evidence constitutes evidence from "other sources" as defined in 20 C.F.R. §§404.1513(d) and 416.913(d).   *See Amer v. Comm'r of Soc.*

8

*Sec.*, No. 1:13-cv-282, 2014 WL 1338115 at *9 (S.D. Ohio April 2, 2014), *adopted* 2014 WL 1670082 (S.D.Ohio April 24, 2014); SSR 06-3p, 2006 WL 2329939 at *2.  Such evidence "cannot establish the existence of a medically determinable impairment.  SSR 06-3p, 2006 WL 2329939 at *2.  However, information from "other sources" "may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function."  *Id.*  The ALJ was not required to provide good reasons for the weight given to St. Clair's evaluation opinion under §404.1527(d)(2).  *Mulkey v. Comm'r of Soc. Sec.*, No. 1:10-cv-466, 2011 WL 4528485 at *6 (W.D.Mich. June 14, 2011), *adopted* 2011 WL 4528479 (W.D.Mich. Sept. 29, 2011).  However, the ALJ "generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning."  SSR 06-3p, 2006 WL 2329939 at *6.

The court agrees with the finding of the magistrate judge that the ALJ adequately explained her reasons for giving "very little weight" to this evidence.  PAGEID 83.  The ALJ stated her reasoning as follows:

> While the November 2012 evaluation contains lower scores in innovation and independence, the claimant has been able to maintain this job for the past nine months, suggesting that she has been able to satisfactorily meet the requirements of the job.  Further, the undersigned questions the validity of the evaluation findings as the claimant testified that she asked her manager for this evaluation so that she could provide it for her disability hearing. Additionally, the claimant testified that she received satisfactory scores during her 30-day evaluation, which has not been provided to the undersigned despite repeated requests.  Instead of the 30-day evaluation, a letter from J.R. St. Clair was provided which stated that the claimant has some trouble

> focusing and following through, but she does retain a
> strong desire to work along with exceptional attendance.
> This letter does not suggest that the claimant has been
> unable to perform her part-time work though since Mr. St.
> Clair has continued to employ the claimant.  Moreover,
> any mention by Mr. St. Clair that the claimant has
> trouble focusing and completing tasks is contradicted by
> her continued ability to care for her child and maintain
> a household.

PAGEID 83-84.

Plaintiff argues that the ALJ erred in not specifically addressing St. Clair's statement that plaintiff's job "is simply not a very desirable one, therefore I have not been adamant about replacing her."  PAGEID 379.  However, as the ALJ noted, plaintiff had been able to maintain the job for the past nine months.  St. Clair also stated in his letter that plaintiff "seems to have a strong desire to be here every day" and that she "seems to really care for the dogs and enjoys talking to the public about the characteristics of the dogs they are looking at."  PAGEID 379.  The objection to the ALJ's consideration of the employer evidence is not well taken.

C. Vocational Expert Testimony

Plaintiff argued in her claim of errors that the ALJ could not rely on the testimony of the vocational expert regarding her ability to perform her past work because the ALJ did mention restrictions concerning no fast-paced production or high production quotas, later included in the RFC, in posing her hypothetical question to the vocational expert.  PAGEID 133.  The magistrate judge agreed that this was error and that the vocational expert's testimony could not serve as substantial evidence at step four of the analysis of whether plaintiff could perform her past work. Doc. 20, pp. 16-17.  However, the magistrate judge concluded that

this error was harmless because the ALJ also made an alternative step-five finding based on the vocational expert's testimony that plaintiff was capable of performing other jobs in the national economy.  Doc. 20, p. 17.  This testimony was offered in response to a later hypothetical question posed by the ALJ which accurately reflected plaintiff's limitations and which did include the restrictions regarding fast-paced production and high quotas. PAGEID 136.  The alternative finding at step five was sufficient to support the ALJ's non-disability finding.  The magistrate judge's finding of harmless error was correct.  *See Simpson v. Com'r of Soc. Sec.*, No. 1:13-cv-640, 2014 WL 3845951 at *13-14 (S.D. Ohio Aug. 5, 2014).  Plaintiff does not contest this finding in her objections.  Instead, she now argues that the alternative step-five findings were inadequate because of the other alleged errors in the evaluation of the treating physician and supervisor opinions.  As noted above, the court has rejected those other grounds of error, and the instant objection fails as well.

III. Conclusion

For the reasons stated above, the court concludes that the Commissioner's non-disability finding is supported by substantial evidence.  The court denies plaintiff's objections (Doc 21).  The court adopts the report and recommendation (Doc. 20).  The decision of the Commissioner is affirmed, and this action is dismissed.  The clerk is directed to enter final judgment in this case.

It is so ordered.


Date: March 14, 2016          _____s/James L. Graham_____
                              James L. Graham
                              United States District Judge

11